**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BAY AREA REMODELERS, INC.,**

    **Plaintiff,**

**v.**                                                    Case No. 8:08-cv-788-T-30MAP

**MANATEE COUNTY, FLORIDA,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Manatee County's Motion to Dismiss Complaint (Dkt. 11) and Plaintiff's Opposition to the same (Dkt. 14). The Court, having considered the Motion, Opposition, and supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be denied.

### **Background**

Plaintiff, Bay Area Remodelers, Inc. ("Bay Area"), is a Florida corporation in the business of designing and installing Temo brand sunrooms. During the time period of August 1996 through April 2006, Bay Area alleges it was able to successfully obtain building permits for its sunrooms from Defendant Manatee County (the "County"). On or about April 28, 2006, Bay Area was awarded a subcontract to install its sunrooms for customers of Home Depot. Hope Depot simultaneously terminated its sunroom subcontract with Home-Pro, Inc., a direct competitor of Bay Area.

Bay Area alleges that immediately after it was awarded the Home Depot subcontract, the County ceased approving its permit applications. Furthermore, the County allegedly continued to withhold approval of the permits despite the fact Bay Area's products met all state approvals and were sealed by Florida registered engineers. According to Bay Area, the County sent more than one hundred requests for additional information to Bay Area between May 2006 and January 2008 concerning site-specific and standard engineering reports. Bay Area claims that each time it complied with the County's requests, the County simply responded with additional requests. On or about September 1, 2006, Bay Area claims the County instructed it to recover all permit packages it had applied for and directed it not to submit permit applications until the same had been approved by ZNS Engineering, L.C., purportedly the County's engineers.

While the County ceased approval of Bay Area's applications, Bay Area claims it continued to approve permit applications of its direct competitors. According to Bay Area, these competitors sold and installed substantially identical products with nearly identical engineering standards. Moreover, Bay Area alleges the County did not require the same additional information from its competitors regarding site-specific and standard information.

As a result of the denial of its permits, Bay Area claims it suffered the loss of substantial sale and installation contracts, together with damage to its business reputation. Furthermore, it claims to have spent substantial personnel time and resources in an effort to comply with the County's demands. As a result, Bay Area filed the instant action pursuant to 42 U.S.C. § 1983 for the County's alleged violation of the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution. Defendant seeks dismissal of the Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1]

## Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.

---

[1] The County has also sought dismissal on alternative grounds which are discussed herein.

## Discussion

In order to state a claim for a violation of equal protection against a "class of one," as Bay Area is attempting to do in this case, a plaintiff must allege "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed. 2d 1060 (2000); Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007). Bay Area argues this standard is a heightened pleading requirement that applies only to qualified immunity defenses raised by individual defendants. However, this argument was rejected by Chief Judge Patricia C. Fawsett in Hawkins v. Eslinger, 2008 WL 2074409 (M.D.Fla. May 15, 2008), who noted that:

> [t]he Eleventh Circuit's decision in *Griffin Industries* does not frame the necessity of alleging sufficiently detailed facts as a component of qualified immunity. Rather, the court's discussion concerned the nature of 'class of one' claims and the need to provide sufficient information for courts to determine whether a challenged decision constitutes impermissible discrimination.

Hawkins, 2008 WL 2074409 at *1 n3. This Court agrees with Judge Fawsett's analysis and will apply the standard with equal force to this case in which qualified immunity is not at issue. See id.

Bay Area has alleged that the County singled it out and denied its permit applications while simultaneously approving permit applications for nearly identical products submitted by its competitors. Bay Area has alleged that the County intentionally treated it differently from similarly situated competitors in a manner that was arbitrary and not rationally related to a legitimate state interest. Upon consideration, the Court concludes Bay Area has

sufficiently alleged a "class of one" equal protection claim against the County. See Pete's Towing Co. v. City of Tampa, Florida, 2008 WL 4791821 at *8 (M.D.Fla. October 29, 2008) (holding plaintiff sufficiently alleged it was treated differently from similarly situated local towing services despite the fact plaintiff was "unable to identify the reason for the difference in treatment," where the plaintiff sufficiently alleged "that the difference in treatment was intentional and was wholly irrational and arbitrary."); see also Cape Canaveral Shrimp Co., Inc. v. Canaveral Port Authority Bd. of Commissioners, 2007 WL 2819659 at * 1 (holding a plaintiff stated a valid "class of one" equal protection claim by alleging it was intentionally discriminated against with malicious intent and that other similarly situated businesses had not been subject to the same treatment.).

The County alternatively argues that this matter is not ripe for consideration, relying on Digital Properties, Inc. v. City of Plantation, 121 F.3d 586 (11th Cir. 1997), for the proposition that "even if Bay Area met the minimal constitutional requirement for filing a civil rights action, the facts of this case counsel judicial restraint in exercising jurisdiction over this matter." Defendant's Opposition at 16. In Digital Properties, a plaintiff sought to establish an adult book and video store in Plantation, Florida. Id. at 587. After the plaintiff corporation had entered into a contract to purchase a commercial building, its engineer and attorney attempted to file remodeling plans to obtain zoning approval for the store. Id. at 588. Upon reaching the city's zoning department, the men were told by an assistant zoning technician that the city would not allow such a use and refused to accept their plans. Id. The technician then advised the men to speak with the city's director of zoning, in part because

the scope of her job did not include the acceptance of over the counter building plans. Id. at 589.

Instead of speaking with the director, the men left and the corporation filed a suit against the city. The corporation's claims included a count pursuant to 42 U.S.C. § 1983 in which it argued the technician's statement impaired its rights under the First Amendment. The Eleventh Circuit applied a ripeness inquiry to this claim, which it stated required a "determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration," and further that courts must resolve "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." Id. (additional citations omitted).

The Eleventh Circuit held that, "in its haste to preserve its perceived First Amendment Rights," the corporation "failed to present a mature claim to review." Id. at 590. "At a minimum," the Eleventh Circuit explained, the plaintiff "had the obligation to obtain a conclusive response from someone with knowledge and authority to speak for the City regarding the application of the zoning scheme to [the plaintiff's] proposal." Id. In other words, a "city official with sufficient authority must have rendered a decision regarding [the plaintiff's] proposal." Id.

Despite the County's argument to the contrary, the instant case is distinguishable from Digital Properties. In the instant case, unlike in Digital Properties, Bay Area attempted to obtain a final decision for more than a year. As alleged, Bay Area's attempts to obtain a final

decision were allegedly frustrated by the County's numerous and unreasonable requests. This intentional delay in the permitting process injured Bay Area. Unlike the prospective future injuries at issue in Digital Properties, Bay Area has already allegedly sustained damages. Moreover, Bay Area need not repeatedly submit plans for a claim to be ripe where such submission would be futile. See Strickland v. Alderman, 7 F.3d 260, 265 (11th Cir. 1996) (discussing that an exception to the final decision requirement exists where it would be futile for the plaintiff to pursue a final decision); see also Open Homes Fellowship, Inc. v. Orange County, Florida, 325 F. Supp. 2d 1349, 1363-64 (M.D.Fla. 2004) (holding an equal protection claim is ripe for adjudication when the relevant proceedings have reached an impasse and the positions have been defined, and hesitating to "put up a barrier to litigation when it is obvious that the process down the administrative road would be a waste of time and money.") (internal citations omitted).

Bay Area alleges it repeatedly submitted it plans to the County, only to have the plans returned with repeated requests for additional information. At one point, the County allegedly instructed Bay Area to pick up its permit packages and cease further submissions. After attempting to resolve the issue for more than a year, Bay Area filed this lawsuit. Under these circumstances, the Court determines Bay Area has sufficiently alleged that it would be futile to pursue a final decision from the County. Accordingly, Bay Area's § 1983 claim is ripe for review.

Finally, the County argues Bay Area has failed to exhaust its administrative remedies and/or that the Court should abstain from accepting jurisdiction based on general principles

of comity. The Court rejects both of these arguments. A plaintiff is not required to exhaust administrative remedies before filing a § 1983 claim. Konikov v. Orange County Florida, 410 F.3d 1317, 1322 (11th Cir. 2005) citing Patsy v. Florida Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982).

Furthermore, abstention is not warranted in this case. The Burford abstention argued for by the County is only appropriate when "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Rindley v. Gallagher, 929 F.2d 1552, 1556 (11th Cir. 1991) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976)) (additional citations omitted). Federal review of this case would not be disruptive of any such state efforts because the central issue in this case is a federal question, whether the County violated the Equal Protection Clause of the Fourteenth Amendment.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Complaint (Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 21, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-788.mtd.frm