UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BAY AREA REMODELERS, INC.,

      Plaintiff,

v.                                   CASE NO. : 8:08-cv-00788-JSM-MAP
                                   Judge: James S. Moody, Jr.
MANATEE COUNTY, FLORIDA     Magistrate: Judge Mark A. Pizzo

      Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND, FIFTH, SEVENTH, EIGHTH, NINTH AND TENTH AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiff, BAY AREA REMODELERS, INC., by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), moves this Honorable Court for entry of an order striking Defendant's, MANATEE COUNTY, FLORIDA, Second, Fifth, Seventh, Eighth, Ninth and Tenth Affirmative Defenses, and in support thereof states as follows:

      1.    This litigation involves a claim brought by Plaintiff under 42 U.S.C. § 1983 alleging the Defendant's violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

      2.    On or about June 23, 2008, Defendant filed its Motion to Dismiss Complaint (Doc. 11 ). In its Motion, Defendant made the following arguments as to why the case should be dismissed: Bay Area failed to exhaust its administrative and judicial remedies; the matter is not ripe for consideration; the facts alleged in the complaint fail to state a cause of action for denial of equal protection; this Court should abstain from jurisdiction based upon general principles of comity.

3. On January 21, 2009, this Court entered its Order denying Defendant's Motion to Dismiss (Doc.17). In its Order, this Court specifically addressed and rejected each of Defendant's arguments listed above.

4. On January 29, 2009, Defendant filed its Answer and Affirmative Defenses (Doc. 18). Defendant's Fifth, Eighth, Ninth, and Tenth Affirmative Defenses raise legal arguments identical to those already considered and rejected by this Court. Additionally, Defendant's Second and Seventh Affirmative Defenses are insufficient as a matter of law.

5. Rule 12(f) allows a court to strike from any pleading "an insufficient defense or any redundant, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A defense is "insufficient" to withstand a motion to strike if it is patently frivolous or clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

6. Defendant's Fifth Affirmative Defense states, "Plaintiff Bay Area Remodelers failed to exhaust its administrative and judicial remedies available to it to challenge the denial of its building permits." This Court addressed and rejected that argument in its Order, citing *Konikov v. Orange County Florida*, 410 F.3d 1317, 1322 (11th Cir. 2005) for the rule that a § 1983 plaintiff is not required to exhaust administrative remedies prior to filing suit.

7. Defendant's Eighth Affirmative Defense states, "It appears that Plaintiff's Complaint is [sic] lacks ripeness for adjudication in the federal court where the allegations fall short of stating some concrete harm which has occurred from agency action." This Court discussed at length and rejected that argument in its Order, specifically finding that "Bay Area's §1983 claim is ripe for review."

8. Defendant's Ninth Affirmative Defense states, "Plaintiff Bay Area Remodelers has failed to state a claim for which relief can be granted in that the facts alleged do not state a cause of action for denial of equal protection." This Court specifically found in its order that the Complaint sufficiently alleged a "class of one" equal protection claim against the County, citing *Pete's Towing Co. v. City of Tampa, Florida*, 2008 WL 4791821 at *8 (M.D. Fla. October 29, 2008) and *Cape Canaveral Shrimp Co., Inc. v. Canaveral Port Authority Bd. of Commissioners*, 2007 WL 2819659 at *1.

9. Defendant's Tenth Affirmative Defense states, "Based upon general principles of comity, the Federal Courts should abstain from jurisdiction in this matter and instead compel Plaintiff to seek administrative and judicial relief from Manatee County and Florida state courts on a basic question of state regulation." This Court discussed and rejected that argument in its Order, specifically finding that "abstention is not warranted in this case," citing *Rindley v. Gallagher*, 929 F.2d 1552, 1556 (11th Cir. 1991).

10. Defendant's Second Affirmative Defense is insufficient as a matter of law. The Second Affirmative Defense states, "All alleged wrongful acts attributed to Defendant Manatee County constitute acts for which Defendant is sovereignly immune under applicable law." It is well established that Eleventh Amendment immunity does not extend to counties. *Abusaid, Jr. v. Hillsborough County Board of County Commissioners*, 405 F.3d 1298, 1314 (11th Cir. 2005) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. V. Doyle*, 429 U.S. 274, 280 (1977)). Likewise, Florida's sovereign immunity law cannot be invoked to shield a county from § 1983 liability. *Id.* (citing *Howlett v. Rose*, 496 U.S. 356 (1990)).

11. Defendant's Seventh Affirmative Defense is also insufficient as a matter of law. The Seventh Affirmative Defense states, "The action is barred by the applicable statute of

limitations." The statute of limitations applicable to §1983 claims is four years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The pleadings in this case make clear that Plaintiff's dispute with the County began in 2006. Plaintiff has alleged, and Defendant has admitted in its Answer, that Plaintiff successfully obtained its building permits from Manatee County prior to April 2006 (Complaint ¶ 6; Answer ¶ 6).

WHEREFORE, Plaintiff, BAY AREA REMODELERS, INC., respectfully requests that this Honorable Court enter an Order striking Defendant's Second, Fifth, Seventh, Eighth, Ninth and Tenth Affirmative Defenses, and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2009, that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following if they are registered on the CM/ECF system:

JAMES A. MINIX
Florida Bar No. 0239240
Attorney for Defendant Manatee County
Chief Assistant County Attorney
Post Office Box 1000
Bradenton, Florida 34206
Telephone: (941) 745-3780
Facsimile: (941) 749-3089
E-mail: jim.minix@mymanatee.org

/s/ Leonard S. Englander_____
LEONARD S. ENGLANDER
FBN 198846/SPN 182821
ENGLANDER & FISCHER, P.A.
P.O. Box 1954
St. Petersburg, Florida 33731-1954
(727) 898-7210
(727) 898-7218 (Fax)
Attorneys for Plaintiff
lenglander@efpalaw.com